Evans *vs.* Sanders.

EVANS *vs.* SANDERS.

1. In the construction of written contracts, the intention of the parties, as ascertained from the terms and the subject matter, determines the meaning.

2. And, in questions of doubt, the contract is to be construed most strongly against the party who stipulates the payment of a debt, or the performance of a duty.

3. Where the terms of a contract are susceptible of two significations, they must be understood in the sense most agreeable to the nature of the contract:—and where a clause is susceptible of different constructions, it must be taken in the sense that will give to it some operation, rather than that which will have none.

4. Where one promised by a written contract, to pay money on the first day of January, eighteen hundred and thirty-six, with interest *from* eighteen hundred and thirty-five; it was held, that the intention of the contracting parties, was, that interest was to be paid from the first day of January, eighteen hundred and thirty-five.

8 P.                63

Evans *vs.* Sanders.

Error to Wilcox Circuit court.

Assumpsit on note, tried by Judge *Pickens.*

The defendant in error, brought an action of assumpsit against the plaintiff, in the Circuit court of Wilcox, on a promissory note of the following tenor :

" $1243 83.

" Wilcox county, So. Alabama, 20th December, 1834. On first January, eighteen hundred and thirty-six, (with interest from 1835,) I promise to pay Moses Sanders, or bearer, twelve hundred and forty-three dollars, and eighty-three cents, for value received.

    (Signed,)               HARRIS SMITH EVANS."

The only point made by the assignment of errors, arose out of a bill of exceptions, which was taken at the trial, to the charge of the presiding judge, in instructing the jury, that interest was recoverable on the note sued on, from the first day of January, eighteen hundred and thirty-five.

*Stewart,* for plaintiff in error.

COLLIER, C. J.—It is an acknowledged rule, in the construction of written contracts, that the intention of the parties, as ascertained from its terms, and the subject matter, determines its meaning—(See Pothier, part 1, c. 1, s. 1, art. 7; Davis et al. vs. Barney, Harris & Gill, 382; Harper vs. Hampton, 1 Har. & Johns. R. 672; ibid. 658 and 661; Fallow vs. Martin, Harper's So. Ca. R. 410.)

So, in questions of doubt, it is equally well settled, that the contract is to be construed most strongly against the party who stipulates the payment of a debt, or the

Evans *vs.* Sanders.

performance of a duty—(Pothier, *ut supra;* Judkins et al. vs. Earl et al. 7 Greenl. Rep. 9 ; Withers vs. Thompson, 4 Monroe's Rep. 329; Kimball vs. Cunningham, 4 Mass. Rep. 502; Conner vs. Henderson, 15 Mass. Rep. 319.)

Again : where the terms of a contract are susceptible of two significations, we ought to understand them in a sense, which is most agreeable to the nature of the contract; and where a clause is susceptible of different constructions, it should be taken in that sense which will give to it some operation, rather than that which will have none—(Pothier, *ut supra;* Falcon, adm'r, vs. Harris, 2 Hen. *&* Munf. R. 550.)

The contract, in the case at bar, it is admitted, is in an unusual form, and so expressed, as to require an application of the rules of construction. Without attempting any thing like an abstract critical examination of the word "from," which we are not quite sure would lead to the conclusion, that, when used in connection with time, always means *after* the period has transpired, we are satisfied, that it cannot be thus interpreted, in the present case. What effect would the terms, "from 1835," have, were we to take them as expressing after the determination of that year? The legal effect of the plaintiff's undertaking, independent of such a clause, would have subjected him to the payment of interest. The parties cannot be supposed to have used words, without any definite meaning in view; and there is no pretence for saying that they contemplated an intermediate period, between the first of January, eighteen hundred and thirty-five, and of January, eighteen hundred and thirty-six. So, that the only interpretation which, in

our judgment, is authorised by the rules we have laid down, and will effectuate the intention of the parties, is, to give interest from the first of January, eighteen hundred and thirty-five. There is, then, no error in the judgment of the Circuit court, and the same is affirmed.