(80 South. 146)

BIRMINGHAM MOTOR CO. v. NORWOOD TRANSP. CO. (6 Div. 389.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. SALES ☞255 — PARTIES TO CONTRACT — PURCHASE FOR COMPANY TO BE ORGANIZED—TRANSFER.

Where realty company purchased auto chassis under guaranties, and transportation company was formed, and rights of realty company transferred to it, transportation company had such interest in contract as authorized it to plead guaranties as defense to action on common counts against it for price of replaced parts furnished by seller.

2. SALES ☞279—GUARANTY OF AUTOMOBILE CHASSIS—CONSTRUCTION.

Guaranties of automobile chassis against defective material or workmanship until each had been run 30,000 miles *held* to warrant against any replacement of parts being made necessary by natural wear and tear until each chassis had been operated that distance.

**3. CONTRACTS ☞155—CONSTRUCTION AGAINST DRAWER.**

In interpretation of written contracts all doubt will be resolved against party who has drawn contract, or, where doubt exists as to construction of instrument prepared by one party on faith of which other has incurred obligation, construction most favorable to latter will be adopted.

Appeal from City Court of Birmingham; C. B. Smith, Judge.

Action of assumpsit by the Birmingham Motor Company against the Norwood Transportation Company, a corporation. From judgment for defendant, plaintiff appeals. Affirmed.

The action was upon the common count. The third plea is as follows:

Now comes the Norwood Transportation Company, the defendant in the above-entitled cause, and for further answer to the complaint, and each count thereof separately and severally, says that the goods, merchandise, chattels, or work and labor for which this suit is brought was furnished by plaintiff to defendant for the purpose of replacing material and workmanship had been furnished under an agreement made by and between the Birmingham Realty Company, a body corporate, and the Birmingham Motor Company, plaintiff, by which said agreement plaintiff in this cause had sold to the Birmingham Realty Company said material and workmanship and guaranteed said material and workmanship to run a distance of thirty thousand (30,000) miles, and which said material therefor furnished had worn out before running 30,000 miles. All rights of the Birmingham Realty Company under said contract had been, before this material sued for was purchased, transferred to this defendant Norwood Transportation Company, by the Birmingham Realty Company, and defendant says that the goods and labor sued for in this ·case was furnished for and on behalf of plaintiff, and under its guaranty, in the contract above mentioned.

J. L. Drennen, of Birmingham, for appellant.

London, Yancey & Brower, of Birmingham, for appellee.

BROWN, P. J. [1] The clerk in transcribing the fourth plea in the record failed to incorporate the copy of the contract attached as a part of the plea, and, with this omitted, we are not able to intelligently review the ruling of the court on the demurrers to this plea. The third plea was not subject to the grounds of demurrer assigned. The evidence tends to show that the agreement referred to in defendant's special pleas becomes an asset of the appellee from the date of its organization, the appellee having been organized by persons interested in the Birmingham Realty Company, and the opinion prevails that it had such interest in the agreement as authorized it to plead the guaranties therein embraced as a defense to this action.

It appears without dispute that the Birmingham Realty Company purchased from the appellant, plaintiff in the court below, four Pierce-Arrow two-ton chassis, for which it paid $3,000 each, to be used in the operation of a bus line between Norwood and Birmingham, and for the purpose of carrying out this enterprise the appellee .was organized.

[2] Incorporated in the contract. of sale, which is in writing, and as one of the inducements thereto, was the following guaranty:

"We guarantee the several parts of these chassis to be free from defective material or workmanship until each truck has been run a distance of thirty thousand miles. This applies to chassis only, and not to equipment, such as tires, lights, etc. Such parts as show defect within above limit to be replaced by us free of. any cost to you. We further agree, should you so elect, to inspect these trucks every thirty days, and to make any such recommendation and adjustment as are necessary without cost to you. This service to be rendered for the period stated above."

This agreement was prepared by the appellant and is embraced in a letter written to the president of the Birmingham Realty Company. The evidence shows without dispute that at the time of the delivery of the chassis they were not defective, and that the parts replaced by the appellant had not been necessitated by reason of any defective material or workmanship, but by the fact that certain parts of the chassis (those replaced by the appellant) had become so worn by the use of the bus that they had to be replaced, and that this condition developed before the bus had been operated 30,000 miles.

The question presented is: Does the guaranty cover a defect so developed? It must be admitted that there is some doubt as to the meaning of the language used by the guarantor in expressing its obligation. The appellant's contention is that the guaranty only covers such latent defects in material and workmanship used in the construction of the chassis, existing at the time of the sale, and developed during the period of time required to operate a truck a ·distance of 30,000 miles.

We think, however, the language is reasonably susceptible of the construction that the material and workmanship used in the construction of the chassis was such as that the truck or bus could be operated a distance of 30,000 miles without the necessity of replacing any parts of the chassis; otherwise stated, that the material and workmanship used in the construction of the chassis was of such superior grade or class that the chassis would not be impaired by

natural wear and tear to such extent as that it could not be safely used until it had been operated a distance of thirty thousand miles.

[3] It is the well-settled rule that in the interpretation of written contracts all doubt will be resolved against the party who has drawn the contract, or, as some of the authorities state the rule, where doubt exists as to the construction of an instrument prepared by one party thereto upon the faith of which the other has incurred an obligation, that construction will be adopted which will be most favorable to the 'latter. Evans v. Sanders, 8 Port. 497, 33 Am. Dec. 297, 6 R. C. L. p. 854, § 242.

Applying these rules, we hold that the guaranty here covered defects developing by use, and as the result of wear and tear in the operation of the chassis, short of the distance specified in the contract. It appearing from the undisputed evidence that the parts for which the charges in the account sued on were made were furnished to replace such parts of the chassis as were worn and required renewal before the truck had been run the distance specified in the guaranty, the plaintiff was not entitled to recover.

Affirmed.