(130 So. 799)

## KING v. CAPITOL AMUSEMENT CO.

### I Div. 612.

Supreme Court of Alabama.

Oct. 30, 1930.

Rehearing Denied Nov. 28, 1930.

Dozier & Gray, of Mobile, and C. W. Taylor, of Birmingham, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

BROWN, J.

On October 4, 1928, the defendant, appellee here, signed and delivered to the plaintiff a letter, omitting the address and signature, in words following:

"With regard to the agreement entered into between yourself and Capitol Amusement Company, Inc., we wish to advise that we do not assume any of your existing film contracts with distributors or producers. However, in conformity with your request, we wish to advise that we will hold you harmless from any loss or damage in tne event of any suit on any of the film contracts in question."

Subsequently the plaintiff was sued by one or more of the distributors or producers on "existing film contracts," who recovered judgments against the plaintiff, and the question presented by this appeal is whether the obligation stated in said letter is one of mere indemnity against loss or damage suffered, necessitating payment or satisfaction of the judgment as a predication to plaintiff's right to maintain his action, or is one of indemnity against liability?

The letter which is set out in hæc verba in defendant's plea 2, the demurrer to which was overruled, shows on its face that it does

not contain the entire agreement between the parties, referred to as the agreement entered into "between yourself and Capitol Amusement Company, Inc.," and relating to "existing film contracts."

■ It is a well-settled principle that the intention of the parties, which courts seek to discover in construing a contract, is to be gathered, not from particular words and phrases, but from the whole context of the agreement. And where the contract is partly written and partly oral, the written and oral parts must be construed together. 6 R. C. L. 837, § 227; American Mercantile Exchange v. Blunt, 102 Me. 128, 66 A. 212, 10 L. R. A. (N. S.) 414, 120 Am. St. Rep. 463, 10 Ann. Cas. 1022. And in case of doubt as to the purport and meaning of the writing, the doubt will be resolved against the party who drew it. 6 R. C. L. 854, § 242; Woods v. Postal Telegraph-Cable Co., 205 Ala. 236, 87 So. 681, 27 A. L. R. 834; Birmingham Motor Co. v. Norwood Transporting Co., 10 Ala. App. 572, 80 So. 146.

Taking as true the averments of the complaint and construing them in connection with the plea, it appears that at the time the agreement was entered into the plaintiff was under contract to use certain films produced or distributed by Tiffany-Stahl Productions, Inc., and another producer or distributor. And in consideration of the plaintiff becoming a party to a joint adventure with the defendant in the conduct of a motion picture business, the defendant agreed to hold the plaintiff "harmless from any loss or damage *in the event of any suit*" on any of said existing film contracts. That as the result of said joint adventure the plaintiff breached his said contract, and the producers and distributors, who were parties thereto, have sued and obtained said judgments, which have been registered so as to become liens on any property of the plaintiff subject to execution. (Italics supplied.)

■■ The distinction between contracts of mere indemnity against loss or damage and indemnity against liability is well established. No liability arises in the first-mentioned class, until the indemnitee has been damnified by being compelled to pay, or his property has been subjected. Lane v. Westmoreland, 79 Ala. 374; 31 C. J. 439, § 35.

In the latter class, as a general rule, the indemnitee's case arises on the contract when his liability is fixed and ascertained. Stephens v. Pennsylvania Casualty Co., 135 Mich. 189, 97 N. W. 686, 3 Ann. Cas. 478; 31 C. J. 438, § 33.

To state the rule in the language of the text, 31 C. J. 437, § 32, "An indemnitor's liability to the indemnitee accrues when, under the terms and conditions of the particular contract, the covenant of indemnity is broken, and it may be stated generally that there is a breach of the covenant and the indemnitee's right of recovery accrues as soon as he has suffered the loss or damage against which he was to be saved harmless, or the liability against which he was to be protected has become fixed and absolute."

■ Viewing the contract in its entirety, we are clear to the conclusion that the obligation expressed was not a mere indemnity against loss. To so construe it would give no meaning to the language, *"in the event of any suit"* on any of said existing film contracts. (Italics supplied.) That the obligation was to indemnify against liability "in the event of any suits" on said existing contracts.

The court therefore erred in overruling the demurrers to defendant's plea 2. That ruling is therefore reversed, the judgment of nonsuit set aside, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

#### On Rehearing.
BROWN, J.

All the opinion holds, or was intended to hold, is that the obligation evidenced by the writing set out in defendant's plea 2, when construed in connection with the facts alleged in the complaint, is not an indemnity against loss or damage merely, but an indemnity against liability, and that the cause of action arises when the liability of the indemnitee is fixed by judgment against him.

■ That is not to say that the judgment against the indemnitee is conclusive on the indemnitor. Whether this is so depends upon the facts and circumstances, not appearing upon the record. In the absence of stipulation to that effect, and notice to the indemnitor and opportunity to defend, a judgment against the indemnitee is not conclusive of liability against the indemnitor. "The omission to give notice to the indemnitor, however, does not affect the right of action against him, but simply changes the burden of proof and imposes upon the indemnitee the necessity of again litigating and establishing all of the actionable facts." 31 C. J. 463, § 62. And the indemnitor may show that the indemnitee had a good defense to the action against him which he negligently failed to make, or he may plead and show that the judgment against the indemnitee was obtained by fraud and collusion. Eva v. Andersen, 166 Cal. 420, 137 P. 16; Bridgeport F. & M. Ins. Co. v. Wilson, 34 N. Y. 275; Western U. Tel. Co. v. Gest, 183 App. Div. 548, 170 N. Y. S. 808; Id., 228 N. Y. 606, 127 N. E. 923; 31 C. J. 463, § 62.

Application overruled.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.