124 So.2d 84

Anderson L. WARE

v.

WOODWARD IRON COMPANY.

6 Div. 437.

Supreme Court of Alabama.

Sept. 8, 1960.

Rehearing Denied Nov. 17, 1960.

B. J. Dryer and Carl G. Moebes, Woodward, for appellee.

SIMPSON, Justice.

The question presented by this appeal, as we see it, is whether the plaintiff's employment by Woodward Iron Co. under a collective bargaining agreement with plaintiff's union, is such a contract as to allow suits for successive breaches, or whether it is of that class of agreements which allows only one cause of action for its breach.

Woodward Iron Company, appellee, had a collective bargaining agreement with the United Mine Workers, Local 12019, covering production and maintenance workers at

Brobston, Jones & Brobston, Bessemer, for appellant.

its coke plant in Woodward, Alabama. Ware, appellant, was employed by Woodward and was also a member of Local 12019. On July 3, 1957 Ware was dismissed by Woodward. Ware filed suit in the Circuit Court of Jefferson County against Woodward for breach of contract. In his complaint Ware alleged that his employment as a production and maintenance worker was subject to the terms of the collective bargaining agreement between Woodward and the Union giving him certain benefits, such as seniority rights, and protecting him for three years from discharge without just cause. The suit was removed to United States District Court, Northern District of Alabama, on the ground of diversity of citizenship. On March 19, 1958 the jury gave a verdict of $1,845.40 in favor of Ware. Judgment was affirmed by the United States Court of Appeals, Fifth Circuit. Woodward Iron Company v. Ware, 5 Cir., 261 F.2d 138.

On January 9, 1959 Ware filed the complaint in the present case in the Circuit Court of Jefferson County. He alleged that the period of the entire breach of the collective bargaining agreement with Woodward was from July, 1957, the time of his dismissal without cause, until June, 1959, the time of the expiration of the collective bargaining agreement. He further alleged that the action in the instant case is to recover only for the remainder of the breach—the period from March, 1958, the time of the judgment in the first suit, until June, 1959.

The defendant, Woodward Iron Company, in the trial below, defended on the ground that the matter had been previously adjudicated in the first case in the U. S. District Court and prayed for a dismissal of the instant case. The trial court ruled in favor of the defendant and Ware has brought this appeal.

Basically appellant contends:

(1) That the collective bargaining agreement between Woodward and the Union constituted an employment contract between Woodward and himself for the duration of the agreement.

(2) That such contract was breached when he was discharged without cause in violation of Article 4, § 15 of the agreement which provides:

"15. Seniority rights of employees will terminate in the following ways:

"(a) Employees discharged for just and sufficient reasons * * *".

(3) That the judgment in the prior suit does not bar this later suit, since it is for the recovery of wages under an installment contract for a definite period of time accruing since judgment was recovered in the first suit.

On the other hand appellee maintains that a collective bargaining agreement is not a contract of employment for a definite time and does not guarantee work, and that therefore, only one cause of action will lie for its breach in contra-distinction to the general principle that if you have a continuing contract you may sue for successive breaches.

We are persuaded, after serious study, that the trial court ruled correctly in sustaining the contention of defendant, Woodward Iron Co.

It is the general rule that an individual employee may sue his employer to enforce rights personal to the employee derived from a collective bargaining agreement. 56 C.J.S. Master and Servant § 28 (71) b. The cases are collected in Annotation 18 A.L.R.2d 352. See also Note 5, Ala. L.Rev. 309, 311; Cox, Rights Under a Labor Agreement; 69 Harv.L.Rev. 601 (1956); and Lenhoff, The Present Status of Collective Contracts in the American Legal System; 39 Mich.L.Rev. 1109 (1941). The application of this rule in Alabama is illustrated by Tennessee Coal, Iron & Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459. There the agreement provided that the mine should be properly ventilated. The employer breached this provision of

the agreement and as a result an employee was injured. We said:

"The contract * * * shows that it was made in respect to the ventilating system for the direct benefit of a class of which plaintiff was a member, and therefore he may sue for its breach when suffering damages as a third party beneficiary." 258 Ala. at page 350, 62 So.2d at page 464.

■ It is also well settled that freedom from dismissal without just and sufficient cause is a right personal to, and therefore, enforceable by the employee. 56 C.J.S. Master and Servant § 28(71) b; Annotation 18 A.I. R.2d 352. 367.

■ Essentially appellant's cause of action in both cases is premised on his wrongful discharge and Woodward's failure to rehire him in violation of the seniority provision of the collective bargaining agreement of which he is a third party beneficiary. This is not the same as a cause of action for the breach of an individual employment contract for a definite time. There a wrongly dismissed employee may, by offer of performance or by holding himself ready and willing to perform the contracted-for services, recover the agreed-upon compensation. 35 Am.Jur., Master and Servant, § 53.

Nowhere does the agreement in question specify that it is an individual contract of employment with any employee for any period of time. To the contrary the courts have drawn a distinction between an individual employment contract and a collective bargaining agreement. The United States Supreme Court in J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 334, 335, 64 S.Ct. 576, 579, 88 L.Ed. 762, 766, in making this distinction said:

"Collective bargaining between employer and the representatives of the unit, usually a union, results in an accord as to terms which will govern hiring and work and pay in that unit. The result is not, however, a contract of employment except in rare cases; no one has a job by reason of it and no obligation to any individual ordinarily comes into existence from it alone."

The Alabama Court of Appeals recently had this to say on the question:

"The original agreement * * * between the defendant and the Union acting for the employees, provides for the terms and conditions of work of the employees. The agreement is not a contract of employment." Keystone Lime Works, Inc., v. Smitherman, 40 Ala.App. 20, 108 So.2d 371, 374, certiorari denied 268 Ala. 698, 108 So.2d 375.

In the concurring opinion in Parker v. Borock, 5 N.Y.2d 156, 162, 163, 182 N.Y.S. 2d 577, 582, 156 N.E.2d 297, 300, Justice Van Voorhis of the New York Court of Appeals said:

"The clause in this labor contract that no regular employee shall be discharged or disciplined without good and sufficient cause, is not equivalent to providing term employment for each employee until the expiration of the collective bargaining agreement."

In affirming the decision of the District Court in the first suit, the Fifth Circuit Court of Appeals held that "Ware and Goodson have standing in court to sue their employer for damages for unlawful discharge". 261 F.2d at page 141. We do not interpret this as a pronouncement by that court that the collective bargaining agreement in question was an employment contract with appellant for a three-year term and that recovery in that suit was only for individual breaches up until that time allowing a subsequent suit for the later breaches, for in our view it is clearly not the law.

■ The breach of a collective bargaining agreement in wrongfully discharging an employee is a breach that "goes to the entire contract and but a single cause of action arises thereon to the party damaged".

McGee v. St. Joseph Belt Ry. Co., 232 Mo. App. 639, 642, 110 S.W.2d 389, 391.

In Baron v. Kurn, 349 Mo. 1202, 164 S.W.2d 310, 142 A.L.R. 787, an employee was wrongfully discharged. He failed to bring suit until after the period of limitations had run. It was his contention that there was a continuing breach of the collective bargaining agreement for every day that he remained out of work, a similar contention to that of the appellant in the case before us. The court held that where the employee's cause of action is for his wrongful discharge it accrues as one cause of action at the time of the discharge and the statute of limitations runs from that time.

In Howard v. Chicago, B. & Q. R. Co., 8 Cir., 146 F.2d 316, 318, certiorari denied 324 U.S. 879, 65 S.Ct. 1028, 89 L.Ed. 1431, there arose a factual situation very similar to the one in the instant case. There an employee was discharged by his employer in violation of a collective bargaining agreement between his employer and his union. He brought one action in Kansas in 1934 for breach of contract based on the discharge in violation of his seniority rights. On appeal from the lower court's dismissal of a later suit brought on the same contract, the Eighth Circuit Court of Appeals said:

"In that action [the Kansas suit], brought in January, 1934, plaintiff sought to recover damages based upon alleged breach of the same contract of employment which he here alleges as being breached. In that action he alleged his discharge, the refusal of the defendant to reinstate him in violation of the terms of the contract between defendant and the Order of Railroad Telegraphers. In the present action he likewise alleges that defendant 'breached his contract' in wrongfully discharging him and in refusing to reinstate him. In the Kansas case he alleged * * * that he had lost wages and earnings by reason of the wrongful acts and breach of contract by defendant * * *. This assumed and in fact alleged the termination of his employment, and plaintiff sought to recover damages past, present and future. In the present case the court found that the amount of the judgment for plaintiff in the Kansas case was allowed by the jury for loss of plaintiff's seniority rights. This constituted a recovery of future damages. Having elected to sue for damages, and having recovered judgment, he can not now maintain this action." (Citations omitted.)

* * * * * *

"Whatever cause of action plaintiff here had accrued when he was discharged. His suit was not for wages but was for damages for breach of his contract with defendant. For the breach of that contract he was entitled to maintain but one action and he could not split up his demands * * *". 146 F.2d at pages 318, 319.

We, therefore, attain the conclusion: Appellant is barred from bringing this action by his recovery in the 1958 suit. To allow him to bring another suit on the same contract would be to allow him to split a single cause of action and contrary to established law. See also Ford v. Henderson, 243 Ala. 274, 9 So.2d 881; Firemen's Insurance Company of Mobile v. Cochran & Co., 27 Ala. 228.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.