ALMON, Justice.
This is an appeal from a summary judgment against the plaintiff, Emory Allen Peters, Jr., on his complaint seeking damages for fraud, breach of contract, and intentional interference with a contractual relation. The trial court, after considering the depositions, affidavits, exhibits, and pleadings, found that Peters was an employee at will and that the defendants had committed no actionable conduct.
Peters brought this suit against Alabama Power Company, Ben F. Hyde, plant manager at Alabama Power’s Martin Dam, and Gerald R. Elrod, superintendent at Martin Dam. Alabama Power employed Peters on December 7, 1981, as a security guard at Martin Dam. Peters alleged that the defendants informed him at the time he was employed that he could only be “discharged for cause which was explained to include such things as drinking on the job, stealing, The fraud count of the complaint alleged as follows: etc;
“On several occasions during the month of December, 1981, January and February of 1982, Defendants threatened to discharge Plaintiff from his job.”
“On or about February 21, 1982, Defendants represented to Plaintiff that if he would sign a letter of resignation leaving the date blank, they would not let him go. Said Defendants represented to Plaintiff that if he performed well over the two weeks next following, the letter of resignation would be torn up. Plaintiff was told by said Defendants that this jesture [sic] on his part would indicate to them his good faith and trustworthiness.
“Plaintiff signed such an un-dated letter due to the fear of losing his job, the fact that he was 52 years of age, had only a high school education, and was untrained in work other than in the textile field.
“Plaintiff performed his job in a satisfactory manner at all times material hereto.
“On or about March 19, 1982, Defendants dated the aforesaid letter and informed Plaintiff that he was dismissed effective March 21, 1982.
“At the time that Defendants made the aforesaid representations to Plaintiff concerning his job and the proposed letter of resignation, said Defendants intended to dismiss Plaintiff and fully intended to use the letter of resignation to accomplish this end.
“The representations made by Defendants were false and Defendants knew at the time that they were false.”
The breach of contract count realleged the above paragraphs and alleged that “Defendant Alabama Power Company breached its employment contract with Plaintiff by dismissing him without lawful cause.” The wrongful interference count alleged that Hyde and Elrod “wrongfully and intentionally interfered with the contract of employment between Plaintiff and Defendant Alabama Power Company.”
*1030 Hyde acknowledged in deposition that he told Peters that he (Hyde) had offered an undated letter of resignation when he first came to work for Alabama Power, but had not in fact done so:
“Q. ... [D]id you suggest a letter and state that you had previously done this when you went to work with the Company?
“A. Yes.
“Q. To show good faith on your part?
“A. Yes.
“Q. And had you, in fact, done that?
“A. Had written out an application?
“Q. Had you written an undated—
“A. Resignation?
“Q. Yes, sir.
“A. No, but I offered one.
“Q. You really hadn’t done that, though, had you?
“A. Hadn’t what?
“Q. You really hadn’t done it, though, had you?
“A. No.”
Hyde also admitted that he intended to let Peters go at the time he asked him for the letter of resignation:
“Q. All right. Do you recall the conversation that you and Mr. Elrod had prior to this date on which the letter was composed with Mr. Peters, the conversation you had prior to that date with Mr. Elrod concerning the possible discharge of Mr. Peters?
“A. We discussed his discharge, whether we might want to retain him or not under six months’ probation.
“Q. Well, was this prior to the time that you and Mr. Peters had the discussion over the letter?
“A. Yes, I think so.
“Q. And was a decision made to terminate him prior to that time?
“A. I think I had in the back of my mind somewhere that probably we were going to let him go.”
The trial court’s finding that Peters was an employee at will was not proper on summary judgment because of Peters’s statement in affidavit that he was told he could only be fired for cause. In the case of Davis v. Marshall, 404 So.2d 642, 645 (Ala.1981), the Court observed that “the record does not show that a contract of employment existed ... which would prevent [plaintiff’s] discharge at the option of [defendant] without cause.” (Emphasis added.) The Court held that, assuming plaintiff was an employee and not an independent contractor, she was an employee at will, subject to termination without cause.
In this case, Peters has raised a fact question as to whether he was hired under an oral contract whereby he could be discharged only for cause. The only written evidence of an employment contract between Peters and Alabama Power consisted of his employment application, a conditional letter of employment, a letter confirming his employment, and a “Management Procedure” from Alabama Power. The first three items contain nothing regarding the terms of employment. The management procedure document shows that Peters’s employment would be classified as “regular full-time employment ... which may be filled for an indefinite period.” Under “Requirements for Employment” the document states:
“The Company requires of an employee the following: satisfactory discharge of duties; conformity to Company policies, rules and directives; proper deportment; loyal promotion of Company interest; and the safeguarding of Company property. Outside personal business or other interests shall not be such as to interfere with or unduly detract from the discharge of the obligation of the employee to the Company.”
None of these documents are inconsistent with Peters’s allegations that he was told he could only be fired for cause. “[W]ritten and oral parts of a contract must be construed together.” Charter Corp. v. Lawrence Const. & Development Co., 289 Ala. 300, 304, 267 So.2d 147 (1972); King v. Capitol Amusement Co., 222 Ala. 115, 130 So. 799 (1930). Thus, if Peters can establish that he was hired under an oral contract whereby he could only be fired for cause, he *1031 might establish that the defendants have committed an actionable wrong, contrary to the holding of the trial court in granting summary judgment.
We note that the defendants’ answer raised the Statute of Frauds, but this defense does not entitle the defendants to summary judgment under the holding in Kitsos v. Mobile Gas Service Corp., 404 So.2d 40 (Ala.1981).
For the reasons stated, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER and ADAMS, JJ., concur.
EMBRY, J., concurs in the result.