INGRAM, Judge.
W.T. Hodges, a contractor, brought a declaratory judgment action against Ronald Atkins and Debra Atkins, asking the trial court to determine the amount due from the Atkinses to Hodges under a contract for construction of the Atkinses’ home and to determine whether Hodges or the Atkinses are responsible to pay for the heat pump installed in the Atkinses’ home by Reliable Heating and Cooling.
The trial court found that the Atkinses were not indebted to Hodges under the terms of the contract and that Hodges owed Reliable for the heat pump.
Hodges contends on appeal here that the trial court’s determination that no amount was owed by the Atkinses to Hodges was not supported by any evidence. We do not agree. The one-page written contract was once altered by another writing, then on later occasions by actions of the parties and by several oral changes. Some of the “actions of the parties” alterations were evidenced by a good deal of the labor on the house being done by the Atkinses and a lot of brick work and masonry labor and painting being accomplished by the Atkinses’ family members, all of which constituted an alteration of the original agreement so as to reduce the cost first agreed upon. Also, there was evidence before the trial court regarding an inflated loan application amount suggested to the Atkinses by Hodges so that the Atkinses would not only have down payment money but also extra cash for “odds and ends.” Written contracts can be modified by a subsequent oral agreement between the parties. Keystone Lime Works, Inc. v. Smitherman, 40 Ala.App. 20, 108 So.2d 371 (1958). Furthermore, written and oral parts of a contract must be construed together where, as in the present case, the written contract was not intended to reflect the final agreement between the parties. Charter Corporation v. Lawrence Construction & Development Co., 289 Ala. 300, 267 So.2d 147 (1972); King v. Capitol Amusement Co., 222 Ala. 115, 130 So. 799 (1930).
Our examination of the record reveals sufficient evidence to sustain the findings of the trial court, and where those findings are based upon conflicting evidence, as in the case sub judice, they will not be disturbed unless clearly erroneous or manifestly unjust. Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore, 435 So.2d 712 (Ala.1983). Furthermore, a presumption of correctness attaches to a trial court’s finding based upon competent evidence presented ore tenus, as in the case at bar. Such findings must be upheld if supported by evidence or any inference therefrom unless found to be plainly and palpably wrong. Chaffin v. Hall, 439 So.2d 67 (Ala.1983).
We likewise affirm the judgment of the trial court on the second issue presented by this appeal. It was framed by Hodges in his complaint for declaratory judgment, as follows: “(b) The liability of the parties to Reliable Heating and Cooling,” to which the trial court responded by finding as follows:
“W.T. Hodges is indebted to Reliable Heating and Cooling for sums owing to Reliable Heating and Cooling for the installation of equipment of the home made the subject of this action which was constructed by W.T. Hodges and is presently resided in by Ronald Atkins and Debra Atkins.”
The trial court’s order to Hodges’s declaratory judgment question simply found that Hodges — not the Atkinses — owed Reliable for the heat pump, and there was legal evidence to support the trial court’s judg *653 ment on this point. Johnson v. Brewington, 435 So.2d 64 (Ala.1988).
The trial court further found that Hodges owed Reliable the amount of $3,304 for the heat pump; however, our close review of the evidence leads us to agree with Hodges that the only amount found in the record is $2,800. We, therefore, reverse the trial court’s order as to the amount owed by Hodges to Reliable.
The judgment of the trial court is affirmed in part and reversed and remanded in part with instructions to the trial court to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
BRADLEY, P.J., and HOLMES, J., concur.