ROBERTSON, Judge.
This is a real estate sales contract case.
Century 21, Ann Agency (appellant) filed an action in Covington County District Court against J.S. Hooper and Suzette Hooper (appellees), seeking $3,320 and alleging that appellees breached a sales contract by refusing to pay the total commission amount. After a hearing in district court, an order was entered in favor of the appellant. An appeal to the circuit court followed, and after an ore terms proceeding the trial court found from the evidence that there was no amount due and entered judgment in favor of appellees. This appeal followed.
The dispositive issue is whether the trial court’s finding that appellant was not due any further amount by appellees is supported by the evidence.
The parties entered into a written sales listing agreement on October 26, 1982, for the sale of a house located on Brooklyn Road owned by the appellees. A 6% commission of the $82,000 selling price was written into the contract. After several months the appellant presented to the ap-pellees an offer whereby they would receive a house on Lakeview Drive valued at $62,000 and $20,000 cash difference for their house. At this point the parties disagree as to changes in the original contract.
Appellees contend they discussed with appellant that they had no need for the Lakeview Drive house and would only have to pay another sales commission on $62,000 to eventually dispose of $82,000 worth of real estate. Appellees further contend that appellant agreed to change the commission to 8% of the cash difference to be paid at closing and that appellant would then list and sell the Lakeview Drive property for *1049 an 8% commission of the selling price which would be due appellant when she sold that house.
An exchange was consummated in April 1983, and the appellees received the house on Lakeview Drive and $20,000 cash for their house on Brooklyn Road. Appellant immediately listed the Lakeview Drive house on the market for $62,000.
Appellant contends the original agreement never changed and that appellees owe her 6% of the entire $82,000 for the sale/exchange of the house on Brooklyn Road, or a commission totalling $4,920.
It is undisputed that appellees paid and appellant accepted $1,600 at the closing of the Brooklyn Road house in April 1983, an amount which equals 8% of the $20,000 cash difference received by appellees. Appellant then listed the Lakeview Drive house for $62,000. After considerable time had expired and appellant had not found a buyer for the second house, appellees listed the house with another agency. On March 8, 1984, almost a year after the first closing, appellant demanded payment of $3,320 from appellees. That figure represents 6% of $82,000 less $1,600 that appellees had already paid. Appellant contends that she completed the terms of the original sales contract and is entitled to a full commission. She claims to have accepted partial payment from appellees merely as an accommodation. The appellees refused to pay the additional amount demanded. On November 30, 1987, over four and one-half years after the original sale/exchange closing, appellant filed her complaint.
We note that the trial court received ore tenus conflicting evidence. Therefore, a presumption of correctness attaches to its findings and we must affirm unless they are found to be plainly and palpably wrong. Hodges v. Atkins, 532 So.2d 651 (Ala.Civ.App.1988).
Our careful review of the record reveals sufficient evidence to support the findings of the trial court. There was testimony that the parties had oral agreements regarding the exchange and listing of the second house. It is well established that parties may modify a written contract with subsequent oral agreements. Winegardner v. Burns, 361 So.2d 1054 (Ala.1978).
The informal actions of the parties indicated oral modifications and a new contract regarding the second house listing that were never reduced to a written agreement. The trial court had the opportunity to observe the parties and draw inferences from the overall circumstances, including consideration of the length of time appellant waited to demand payment and file her complaint. The actions of the parties best indicate whether there was an intention to modify the earlier written agreement, and those actions clearly indicate changes to the original contract that were never written.
Accordingly, the trial court did not err in finding that there was no amount due appellant by appellees; therefore, we affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.