(119 So. 230)

FEDERAL AUTOMOBILE INS. ASS'N et al. v. MEYERS. (6 Div. 988.)

Supreme Court of Alabama. Dec. 20, 1928.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellants.

David J. Davis, of Birmingham, for appellee.

FOSTER, J. Appellee sued appellants in one count as follows: "The plaintiff claims of the defendant the sum of eleven hundred twenty-eight and 75/100 ($1,128.75) dollars with interest due on a policy of insurance whereby the defendant on, to-wit: April 9, 1925, agreed to indemnify the plaintiff against loss resulting directly from the manipulation or use of one Buick Roadster Model 1923 by reason of liability imposed by law upon the plaintiff for damages on account of bodily injury (including death resulting therefrom) accidentally inflicted upon any person or persons not in the employ or household of the subscriber or related to him by blood or marriage and in addition agreed to pay the cost and expense attendant upon the investigation, adjustment and settlement of all claims, all cost taxed against the subscriber in any legal proceedings defended by the exchange and agreed to defend at its own cost in the name of and on the behalf of the subscriber suits for such damages during a period of one year from the date of the issuance of said policy of insurance; plaintiff avers that on to-wit, July 30, 1925, and while said policy was in full force and effect said automobile while being operated collided with Rosa Dryer and she later died, that Jake .Dryer and Dan G. Trawick, Jr., as administrators of the estate of Rosa Dryer filed suit in the circuit court of Jefferson County, Alabama, against plaintiff charging that her death was due to negligence for which plaintiff was responsible; that plaintiff notified defendants of said suit and said defendants denied that they were liable on said policy and refused to defend him and plaintiff employed an attorney to defend said suit and finally settled said suit by permitting Jake Dryer and Dan G. Trawick, Jr., as administrators of the estate of Rosa Dryer to take a judgment for six hundred ($600.00) dollars and cost of twenty-eight and 75/100 dollars in compromise of said claim and plaintiff paid said judgment; and plaintiff avers that he has made demand upon the defendant for payment of the amount of said judgment, $628.75 and his reasonable attorney's fee in said matter and the defendants have failed and refused to pay same, hence this suit."

Defendant, appellant here, filed demurrer to the complaint, and the demurrer was overruled, and then filed several pleas setting up the general issue, and several separate defenses, only two of which need be mentioned: (1) That notice of the accident was not given as required by the contract, and (2) that appellee was not liable to the original plaintiff for that the injury was not done by an agent of appellee, and he voluntarily permitted a judgment against him. The court overruled demurrer to the defense numbered 1 above, and sustained demurrer to the defense numbered 2 above. Appellee then filed replication to defense No. 1 above, and issue was finally taken on replication 3, alleging a waiver of

such notice. On the issue thus framed, the court gave the affirmative charge for defendant. On the trial appellant by cross-examination of appellee's witnesses brought out facts which it is claimed tend to show that the operator of the car causing the accident was not the agent of appellee, though the court had ruled on demurrer to the complaint, and on demurrer to pleas 10 and 11, that this did not constitute a defense. The bill of exceptions shows that when the court was considering the affirmative charge, after counsel had argued the case to the jury, the law in this aspect was again argued and considered by the court. Appellee did not offer evidence of such agency, but in reply to the argument of appellant's counsel contended that the evidence offered by appellant was sufficient on that question for the jury, and contended that, his witnesses having been excused, he could not then produce his proof on that issue. The court did not expressly assign any reason for giving the affirmative charge, but it followed the argument of appellant's counsel to the effect that the evidence did not show liability of appellee for the conduct of his son in causing the accident. On the replication of appellee to the pleas of want of notice, the evidence was sufficient for consideration by the jury. On motion for a new trial the court set aside the verdict and judgment, and defendant appeals, assigning for error such order.

Counsel for appellant have argued at great length the legal questions presented by his demurrer to the complaint and the demurrer to pleas 10 and 11, above stated. We hold that such questions are not here presented. Appellant contends that the question is presented for that it was in fact tried, though the pleadings do not embrace the issue, and therefore it is subject to consideration on this appeal. We understand the rule to be that if there is some defect of averment in the complaint or a plea, and the court has erred in holding such pleading good, but if there is evidence of the matter so omitted, and both parties try the issue as though such allegation were made, and the court instructs the jury that such matter must be proven, and both parties have full opportunity to and do offer all the evidence they wish on that issue, we will not reverse the case for the error in such ruling on the pleading. So. Rwy. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Best Park & A. Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929. Also when the parties adopt a theory for the trial, and it is tried with that understanding by the parties and court, this court accepts the view that the pleadings present that theory. Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; German-Am. Nat. Bank v. Levis, 9 Ala. App. 352, 63 So. 741; Loy v. Reid, 11 Ala. App. 231, 65 So. 855.

This record does not present that situation. Appellee did not seek to prove the agency of his son in operating the car, nor his negligence, but appellant brought the question in the case and offered all the evidence that was offered on that subject. Appellee only brought out one matter on that issue on redirect examination of one witness. It was quite evident that he did not introduce his evidence upon the assumption that it was an issue. The court had distinctly eliminated it as an issue and it was not embraced in any of the pleadings which went to the jury.

Appellant does not contend in brief that there was no evidence of appellee's replication numbered 3 to defendant's pleas of want of notice, but admits that issue was for the jury. The only burden on plaintiff pursuant to the pleadings was to prove the allegations of the complaint, and of replication 3 as an answer to defendant's plea.

The complaint may or may not be subject to the demurrer. This is not before us, but though subject to demurrer (if so), the defect was properly presented and acted on in the proper manner, and error in that regard cannot be justification for a ruling on other issues presented by the pleading. If this court should justify the action of the trial court in giving the affirmative charge by reason of error previously committed, appellee would be without his day in court on that issue. He "was entitled to have his (rights) ascertained and declared upon some consistent theory which (he) might have reviewed." Neither can we "assume to know what the evidence would have been if issues had been differently shaped," nor that appellee might not have amended his complaint, if defective, so as to present a good cause of action. Pratt Cons. Coal Co. v. Davidson, 173 Ala. 667, 55 So. 886.

It is insisted that the complaint does not state a cause of action, and therefore the affirmative charge was properly given defendant. It is true that if a complaint contains no substantial cause of action, it will not support a judgment, and to give the affirmative charge to defendant based on other matters would not injuriously affect plaintiff. Ahrens-Rich Co. v. Beck, etc., Co., 212 Ala. 530, 103 So. 556; Helm v. Griffith, 19 Ala. App. 1, 95 So. 548; Am. Bonding Co. v. N. Y. & M. W. Co., 11 Ala. App. 578, 66 So. 847; Cummins v. Gray, 4 Stew. & P. 397; 31 Cyc. 728. A failure to state facts sufficient to constitute a cause of action is to be distinguished from a defective statement of a cause of action. 31 Cyc. 728.

The complaint alleged in sufficient terms the breach of a contract between the parties entitling plaintiff to damages. If it be conceded that the facts alleged do not sufficiently show all the breaches of the contract upon which a claim for damages is made, that defect goes only to the recovery for such breach so insufficiently shown, and does not

render the complaint so defective as not to state a cause of action. Certainly the complaint would sustain a judgment by default.

It results that there was no error in setting aside the verdict and judgment, so that a new trial may be had in which the real controversy between the parties may be tried on issues decisive of it. We hold that, while the controversy which appellants seek to have decided was determined against them on the pleadings, such ruling is not before this court for decision.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.