(121 So. 42)

**ALLISON-RUSSELL-WITHINGTON CO. v. SOMMERS. (6 Div. 305.)**

Supreme Court of Alabama. March 21, 1929.

**35**

London, Yancey & Brower, of Birmingham, for appellant.

Wilkinson & Burton, of Birmingham, for appellee.

BOULDIN, J. This ,is an action on the case for damages resulting from the issuance of garnishment on a judgment under Code, §§ 8052, 8053, and service of the writ on the employer of the judgment debtor, plaintiff in this case.

Count 1 of the complaint charges merely that the garnishment was "wrongfully" sued out, etc.

A rather interesting judicial history attends such actions in this state.

In the early case of Kirksey v. Jones, 7 Ala. 622 citing and following the still earlier case of Wilson v. Outlaw, Minor 367, it was declared that our statute requiring the execution of an attachment bond conditioned to pay such damages as the defendant should sustain from the "wrongful" suing out of such attachment had the effect of modifying the common law requiring malice and want of probable cause to sustain an action on the case for unlawful resort to legal process.

By virtue of such statute, it was held an action on the case would lie for a wrongful attachment without the presence of malice or want of probable cause. This doctrine was reaffirmed in Seay v. Greenwood, 21 Ala. 494.

But in McKellar v. Couch, 34 Ala. 336, it was declared an action on the case does not lie for the mere wrongful suing out of an attachment. This case reviews the former decisions, and rests its conclusion on statutory changes wrought in the Code of 1852, §§ 2564, 2565, which have come down to us without change in this regard. Code 1923, § 6214. Since McKellar v. Couch, supra, it has been consistently declared that an action on the case lies only on common-law grounds for malicious prosecution; that malice and want of probable cause are the necessary elements of the right of action. McCarty v. Williams, 212 Ala. 232, 102 So. 133; Brown v. Masters, 104 Ala. 451, 16 So. 443; Lane v. Ala. Penny Sav. Bank, 185 Ala. 656, 64 So. 608; Benson v. McCoy, 36 Ala. 710.

Whatever we may think of the logical soundness of the rule, viz., that, although the statute still requires a bond to secure against damages for wrongful attachment, no

such damages are recoverable save by action on the bond, such rule must be regarded as the settled law of this state. It is a rule of statutory construction. The statute has been repeatedly re-enacted since such construction was first announced 75 years ago.

We have further held in McCarty v. Williams, supra, that a count in case based on wrongful attachment or garnishment without more does not state a cause of action; that it is subject to general demurrer; that the trial court should take notice of such insufficiency of his own motion, and, on appeal, this court will set aside such judgment, even though no objection was made in the court below.

■ In this case there was a demurrer to count 1. True, several grounds of the demurrer are inapt, appear to be directed to a different class of actions based on negligence. But assignment or ground No. 7, to wit: "For that the averments set up, if true, do not show any liability on the part of the defendant herein," is sufficient as a general demurrer.

■ Appellee insists the assignment of error is insufficient to present the ruling on demurrer for review. This assignment reads: "The court erred in overruling the demurrers to count one of the complaint."

Appellee's view is that this assignment is too general, must be treated as a joint assignment of the several grounds of demurrer, not to be sustained, unless each ground of demurrer assigned is good. In this appellee relies on the case of Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456, and cases there cited.

This Hall Case has been explained or differentiated in the later case of Jackson v. Ariton Banking Co., 214 Ala. 483, 108 So. 359, 45 A. L. R. 1026, wherein an assignment of error such as we have before us is held a sufficient compliance with Supreme Court rule 1.

■ In addition to what was said in the Jackson Case, we here note that this question was considered at length by the full court on rehearing in the case of Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 So. 808. See page 303 (62 So. 809) and discussion of point C, pp. 307 (62 So. 810) to 309 (62 So. 811) of the opinion. No headnote of this feature of the decision appears in the report of that case.

We now approve and reaffirm what is there said as to the nature of a demurrer, the effect of a ruling thereon, and the sufficiency of the assignment of error. The assignment of error in the present case is sufficient.

There was error in overruling the demurrer to count 1.

■ Following the case of McCarty v. Williams, supra, we further hold there was error in refusing the affirmative charge addressed to this count, thus withdrawing it as an issue before the jury.

■ We are further constrained to hold that on the evidence the affirmative charge, with hypothesis, was due the defendant as to count 2—alleging the garnishment was sued out and served "maliciously and without probable cause therefor."

This defendant, having a demand against this plaintiff, placed the same in the hands of a collection agency, which in turn put the claim in the hands of its attorney. The attorney took judgment thereon. Shortly thereafter the judgment debtor, plaintiff in this action, paid the debt directly to the judgment plaintiff, this defendant. Defendant gave prompt notice of such payment to the collection agency with whom it dealt throughout, having no direct communication with the attorney.

Some months later, the attorney sued out this garnishment. The defendant had no knowledge thereof until after service, and, when so informed, prosecuted it no further, but took prompt steps to have the garnishment discharged.

This is the uncontradicted evidence. It warrants no reasonable inference that this defendant sued out the garnishment maliciously. It had no knowledge that it was being done; no reason to expect it to be done after notice to the collection agency that the demand had been paid.

Can malice be imputed from the acts of its agents, the collection agency or the attorney?

We do not question that one who puts his claims in the hands of a collection agency with a view to bringing suit, if need be, must, when suit brought, be treated as sustaining all the relations of attorney and client to the attorney bringing such suit. No matter who employs him or pays him, if he is empowered to represent the plaintiff, he has the implied authority that goes with such relation. So we may deal with the matter as though this claim had been directly placed in the hands of the attorney.

Thus considered, if the judgment plaintiff had collected the claim without notifying the attorney, and this with knowledge that he would probably proceed by way of garnishment, an inference of malice might possibly arise. But, if he has communicated such notice to an agent whose express duty it was to notify the attorney, and had no knowledge that such agent had failed so to do, we can see no ground to infer malice on the part of the principal.

As for imputed malice on the part of the attorney, there is no evidence that he had knowledge of the payment of the judgment.

Can malice be imputed to the judgment plaintiff for failure of its agent, the collection agency, to notify the attorney of payment? If by long-drawn inference, it may be assumed the collection agency knowingly failed to pass on the notice, knowing such failure would probably lead to issue of garnishment, what then?

In most cases of malicious prosecution, the modern rule in cases of tort generally obtains, viz., that the principal is liable even for the malicious acts of his agent, done within the line and scope of his employment.

But for reasons unknown to us, the ancient rule denying liability of the principal for the malice of his agent still obtains in actions for maliciously and without probable cause suing out an attachment.

In actions on the bond, actual damages may be recovered for the wrongful act of the agent acting within the scope of his employment.

But a right of action based on malice as a necessary element cannot be maintained on the malice of the agent, unless participated in or ratified by the principal. Such malice is not admissible in evidence in suits of this character. Southern Ry. Co. v. Beaty, 212 Ala. 608, 613, 103 So. 658; Jackson v. Smith, 75 Ala. 97; Pollock v. Gantt, 69 Ala. 373, 44 Am. Rep. 519; City National Bank v. Jeffries, 73 Ala. 183; Floyd v. Hamilton, 33 Ala. 235; McCullough v. Walton, 11 Ala. 492; Kirksey v. Jones, 7 Ala. 622.

The garnishment in this case was wrongful; wrongful because no subsisting judgment was against this plaintiff. It seems he should have a remedy; but the law, not of our making, gives him no remedy for a wrongful suing out of the garnishment; and no malice is shown, but indeed is negatived by the undisputed evidence. Damnum absque injuria.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.