78 So.2d 286

### CENTRAL OF GEORGIA RAILWAY CO.

#### v.

### William L. HINSON, pro ami.

#### 4 Div. 813.

Supreme Court of Alabama.

Feb. 24, 1955.

juries for which appellant was adjudged to be liable in damages.

Appellee has moved to dismiss the appeal on grounds to be now discussed.

The appeal bond was executed March 23, 1954. "On or about the 20th of March, 1954" the clerk received from the court reporter what purported to be a transcript of the evidence and proceedings on the trial of the case. Demand for same had been made by defendant's counsel, which was later complied with. The reporter had moved to a distant state and had not certified to the transcript. The clerk advised the judge of the situation and told him the transcript had some errors and omissions. This was also called to the attention of counsel for both parties, but nothing was ever done about it. The clerk made up the transcript containing the uncertified report of the proceedings, and on November 1, 1954 sent it with the certificate of appeal to the clerk of this Court, which he marked filed November 3, 1954. The appeal being taken March 23rd, the next call thereafter was November 1, 1954. It is provided in section 790, Title 7, Code, that appeals are returnable the first Monday after the expiration of sixty days from the time of signing or establishing the bill of exceptions. And in section 769, Title 7, it is provided that the transcript shall be filed with the clerk of this Court within sixty days after signing or establishing the bill of exceptions. And in section 770, Title 7, for such failure appellee may present a certificate of appeal and have the judgment affirmed or the appeal dismissed. This is contemplated to occur before the transcript is filed and after the time prescribed. No such motion as that was made here.

In Supreme Court Rule 41, Code 1940, Tit. 7 Appendix, it is provided that unless the transcript is filed not later than the first day of the first week of the term during which it is subject to call, the appeal shall be dismissed unless good cause is shown why it was not filed in due time. The motion here is not based on any failure in that respect.

Grady G. Cleveland, Jr., Eufaula, for appellant.

Sam A. LeMaistre and Archie I. Grubb, Eufaula, for appellee.

PER CURIAM.

This is an appeal from a judgment in favor of plaintiff on a claim for personal in-

226

■■ The appeal was not due to be dismissed for the failure of the clerk of the lower court to send to the clerk of this Court, within twenty days after the appeal, the certificate required by Supreme Court Rule 43, when there is such a certificate attached to the transcript and filed with it. Southern Life & Health Ins. Co. v. Williams, 230 Ala. 681, 163 So. 321. Appellee could have obtained such a certificate under section 751, Title 7, if he had desired.

■ Nor should the appeal be dismissed because of the failure of the reporter to certify to his report of the proceedings. It should be treated as an appeal on the record. Act of September 12, 1951, sections 827(1) to 827(6), Title 7, Pocket Part Code; West v. Givens, 246 Ala. 395, 20 So.2d 710. The affidavit of the reporter attached to the answer of appellant to the motion to dismiss cannot serve as a compliance with that statute. The motion to dismiss must be denied, and the appeal treated as one taken on the record.

The assignments of error relating to matters shown by the record proper are numbered one and two. The other assignments are dependent upon the report of the proceedings had on the trial which cannot be considered for the reasons which we have stated.

The first assignment of error is that the court erred in overruling the demurrers filed by the appellant in this cause and referred to page twelve of the transcript. This shows that demurrers were filed to each of the eight counts of the complaint separately and severally.

■■ In arguing this assignment appellant's brief discusses the ruling on demurrer to counts four and eight and none others. The judgment of the court overruled the demurrer to all of the counts of the complaint, as we interpret it. In order for the appellant to obtain the benefit of the ruling on demurrer to counts four and eight, separately, the assignments of error should be with reference to each count separately. If the demurrer to any one of the counts was properly overruled, a joint assignment of the judgment overruling the demurrer to the several counts cannot be upheld, regard-

less of whether the ruling was correct as to the other counts. Western Railway of Alabama v. Arnett, 137 Ala. 414, 34 So. 997; Alabama Great Southern R. Co. v. Clarke, 145 Ala. 459, 39 So. 816, 817; Brent v. Baldwin, 160 Ala. 635, 49 So. 343; Cahaba Coal Co. v. Elliott, 183 Ala. 298, 307, 62 So. 808; Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42.

Both of those counts undertook to make a charge of willful or wanton injury to the plaintiff, and in view of the joint assignment which is made, we will not treat them separately except to see if either is subject to any ground of demurrer assigned to it.

■ The grounds of demurrer to count four are (1) it fails to state a cause of action; (2) the allegations are mere conclusions of the pleader, and (3) it does not sufficiently state the willful and wanton acts complained of. Count four, after alleging matters of inducement, states: "That then and there the said servants, agents or employees of said defendant, in charge or control of the operation of said train, while acting within the line and scope of their employment or authority, willfully or wantonly injured plaintiff by willfully or wantonly operating said train so as to cause the same to strike or collide with an automobile being driven by plaintiff, whereby as a proximate result and consequence thereof plaintiff received severe personal injuries," setting them out. The grounds of the demurrer are too general to put the court in error for overruling it. Louisville & Nashville R. Co. v. Nolen, 251 Ala. 445, 37 So.2d 912.

The second assignment of error is that the court erred in sustaining demurrers 6, 7, 8 and 9 to appellant's answer to the complaint. The judgment of the court was to overrule demurrers 1, 2, 3, 4 and 5 to the answer and to sustain demurrers 6, 7, 8 and 9. Such a judgment and assignment of error misconceive the nature of a demurrer. It here contains grounds numbered 1 to 9, and was addressed to the answer and to each separate averment, plea or portion thereof.

■ A demurrer is a single entity of pleading and the numbered grounds set up do not constitute separate units. If any ground is good the demurrer should be sus-

tained. Cahaba Coal Co. v. Elliott, 183 Ala. 298, 308, 62 So. 808; Hammons v. Hammons, 228 Ala. 264, 153 So. 210. It should not therefore be overruled unless each of the grounds fails to point out some insufficiency. And the assignment of error should be for sustaining (or overruling) the demurrer to a certain numbered plea (or count).

 When a judgment sustains some of the grounds and overrules others, the demurrer has been sustained and the one who demurred cannot properly complain of it as error. American Life Ins. Co. v. Powell, 260 Ala. 574, 71 So.2d 872; Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42. But his opponent may complain because the judgment is adverse to him.

 But a defendant who filed the pleas has no cause to complain when the demurrer is sustained on a ground to which the plea is not subject if some other ground points out a substantial defect.

 It is appropriate and necessary to assign as error the judgment in respect to each plea separately if a separate consideration of each is insisted upon. The assignments are not so set up. Being assigned to all pleas jointly, the judgment is not due to be reversed if the demurrer on any of its grounds pointed out a substantial defect in any of the pleas, although it may not have pointed out a defect in all of them. The judgment overruled the demurrer on grounds 1 to 5, inclusive, as we understand it. They relate solely to contributory negligence. The pleas of contributory negligence do not pretend to comply with Circuit Court Rule 37, Code 1940, Tit. 7 Appendix. Crouch v. De Luxe Cab Co., 261 Ala. 239, 73 So.2d 743. The demurrer to those pleas should have been sustained for that reason: also they are no answer to the wanton counts. But the judgment sustained the demurrer on grounds 6 to 9, inclusive, as we understand it. Those grounds of the demurrer seem to refer to defendant's pleas 5, 6 and 7 to count 8, relating to a city ordinance. As special pleas the matter thus claimed is covered by the general issue and the demurrer was properly sustained to

them. The second assignment of error cannot be upheld.

The motion to dismiss the appeal should be overruled and the judgment of the circuit court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

The motion to dismiss the appeal is overruled: the judgment is affirmed.

All the Justices concur.