133 So.2d 381

Ralph G. LINVILLE

v.

Ollie CRITTENDEN [Mrs. Curtis Crittenden].

8 Div. 55.

Supreme Court of Alabama.

Sept. 21, 1961.

**631**

T. E. Burts, Florence, and Berryman & Tompkins, Tuscumbia, for appellant.

Beasley & McCutchen, Tuscumbia, for appellee.

MERRILL, Justice.

This appeal is from a judgment in favor of appellee in the amount of $4,500. Appellee's complaint was in two counts, Count 1 being in simple negligence and Count 3 charging wanton misconduct. A motion for a new trial was overruled.

The facts are in conflict but appear to be substantially as follows:

On February 1, 1959, one Barnes, a taxi driver employed by appellant, was driving appellant's taxicab in the line and scope of his employment in the City of Sheffield, at about 5:00 P.M. He testified that he was flagged down by Curtis Crittenden, the husband of appellee. When Barnes first saw Crittenden, he was being followed by a woman (appellee) and though the man was standing still, the woman was coming down the street behind him. Barnes stopped his cab next to the curb and Crittenden got in. Appellee apparently did not want her husband to go to town so she started pounding on the cab window. Crittenden rolled the window partly down and appellee was arguing with him trying to get him not to go. There is some evidence that Crittenden rolled the window down and shoved appellee away and told the driver to drive on.

There is no question but that appellee had her hand in and on the handle of the door (a push button type) and as the car drove off, her hand was jerked, a bone therein was fractured and she kept it in a cast about six weeks. There was no question but that Crittenden was intoxicated when he got in the cab and, according to the taxi driver and appellee, he was drunk.

Appellant argues that the court erred in refusing certain requested written charges. Charges 3, 8, 9, 10 and 24 are the subject of assignments 11, 12, 13, 14 and 16 respectively. These assignments of error are argued together.

When a group of charges is jointly treated in the argument, and one or more

of them was refused without error, a reversal cannot be predicated on refusing the others so treated, notwithstanding they should have been given. Frith v. Studdard, 267 Ala. 315, 101 So.2d 305. Charge 10, the basis of assignment 14, reads: "I charge you, gentlemen of the jury, that the driver of an automobile owes no duty to a trespasser." It is obvious that there was no error in refusing this requested charge.

We observe in passing that the points raised by these charges were covered by the requested charges given by the court at the request of the defendant.

Assignment No. 17 charges error in overruling the demurrer to Count 1. Such an assignment of error is sufficient, but under it, we treat only those grounds of demurrer argued in brief as having been well taken. Wallace v. Lindsey, 270 Ala. 401, 119 So.2d 186. No ground of demurrer having been argued in brief, the ruling of the trial court is upheld. Groover v. Darden, 259 Ala. 607, 68 So.2d 28.

Assignment No. 18 pertains to the overruling of the demurrer to Count 3, while No. 20 pertains to the court's oral charge on wanton misconduct. There is no merit in No. 20 because no exception was taken to any part of the oral charge. Since these two unrelated assignments of error are argued together, and one is without merit, others in the group will not be considered. Brooks v. Everett, 271 Ala. 354, 124 So.2d 105; Southern Electric Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627.

Assignments of error 21, 22, 23 and 28 deal with the overruling of objections to testimony of appellee as to events occurring a few minutes before she was injured.

Appellee testified that she and her husband arrived at their home a few minutes before the injury, and they were riding in the same cab with the same driver, Barnes. They alighted and she went in the house and her husband and Barnes came around to the side of the house outside a window. She saw her husband pay some money to Barnes, and heard him tell Barnes to bring him some whiskey and to take him back to town. Appellee went back outside the house and told them if her husband went, she would go too.

They re-entered the cab, argued two or three minutes, and Barnes told her he was not going to get any whiskey for her husband. They got out of the cab, started toward the house and her husband told Barnes to drive around the block and pick him up. Barnes drove around the block and when he stopped, her husband got in the cab and she was trying to get him out again when Barnes drove off and she was injured. Barnes denied these statements, saying he had not seen the Crittendens since 10:00 a. m. that morning.

Appellant argues that this testimony was too remote, not part of the res gestae and not admissible.

The general rule is "that all acts done and all words spoken pending the doing of a particular act, which tend, in any way, to illustrate or give character to the act, are receivable in evidence as a part of the res gestae of the act." Ward v. Lane, 189 Ala. 340, 66 So. 499. The res gestae embraces all facts which are relevant, explanatory, or illustrative of, or which give character or characterize, the act or the principal fact for decision. Roan v. State, 225 Ala. 428, 143 So. 454.

We think the entire transaction began with appellee and her husband arriving home in the cab driven by Barnes and ended with appellee's injury. Not only did the evidence serve to identify Barnes as the cab driver they knew and who knew the Crittendens, but it tended to explain or illustrate why Barnes drove away as he did with appellee trying to get him not to leave with her husband. We find no reversible error in the admission of the evidence. The fact that Barnes

denied being there a few minutes before the accident went to the credibility of the evidence, not to its admissibility.

 Finally, it is argued that the court erred in overruling the motion for a new trial. No grounds of the motion are argued in brief, and the rule is that grounds of a motion for a new trial not argued in brief will not be considered on appeal. State v. Goodwyn, Ala., 133 So.2d 375; Chattahoochee Valley Railway Co. v. Williams, 267 Ala. 464, 103 So.2d 762.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.