173 So.2d 80

**Julian T. TURNER**

v.

**Fred E. BLANTON.**

**4 Div. 207.**

Supreme Court of Alabama.

March 11, 1965.

J. Robt. Ramsey, Dothan, for appellant.

Merrill & Harrison and J. T. Jackson, Dothan, for appellee.

MERRILL, Justice.

Appellee sued appellant in two counts, one for work and labor done ($6,000), the other for goods, chattels and merchandise ($1,500) sold to appellant. The verdict and judgment on Count One were $2,552.78 and on Count Two $530.83. Appellant's motion for a new trial was overruled and this appeal followed.

In 1961, appellant rented 150 acres of corn land to appellee, who moved on the place, and in October, 1962, they entered into a written joint operation agreement concerning a cattle operation, whereby appellee obtained a half interest in the cattle and he, in turn, executed a conditional sales contract back to appellant on the cattle. It is undisputed that both parties became dissatisfied with the written agreement early in 1963, but what happened next is the dispute which caused the suit.

Appellee contends that both parties agreed to abrogate the written agreement, that appellant was to take back the cattle

and their increase, take over the entire cattle operation and, in turn, pay appellee for his work and labor done on the farm since early December, 1961, and pay appellee for the goods, wares and merchandise that he furnished up to and until February, 1963.

■ Appellant contends that the written agreement was still in effect and denied "that he ever made any agreement with appellee to pay him any fixed amount or a reasonable amount."

Assignment of error 2 reads:

"The Court erred in overruling Appellant's Demurrers to the Amended Complaint, as shown on Page 4 of the Transcript."

Such an assignment is proper in a case at law where the complaint consists of only one count because it goes to the complaint as a whole, and is proper in equity because it goes to the bill as a whole. Cases at law: Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 So. 808; Craig & Co. v. Pierson Lumber Co., 169 Ala. 548, 53 So. 803; Lord v. Werneth, 35 Ala.App. 290, 46 So. 2d 236; Cases in equity: Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509; Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30; Wallace v. Lindsey, 270 Ala. 401, 119 So.2d 186.

■■ But where the complaint consists of more than one count, the assignment of error complaining of the ruling on demurrer should be that the court erred in overruling or sustaining the demurrer to a certain numbered count, plea or replication. Ledbetter v. Frosty Morn Meats, 274 Ala. 491, 150 So.2d 365; Central of Georgia Railway Co. v. Hinson, 262 Ala. 223, 78 So.2d 286; Count: Linville v. Crittenden, 272 Ala. 630, 133 So.2d 381; Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42; Plea: Central of Georgia Railway Co. v. Hinson, supra; Western Railway of Alabama v. Arnett, 137 Ala. 414, 34 So. 997; Replication: Ledbetter v. Frosty Morn Meats, supra; Craig & Co. v. Pierson Lumber Co., 169 Ala. 548,

53 So. 803. Similarly, if a respondent in equity wishes to test the sufficiency of an aspect of a bill separately, the demurrer should be addressed to that aspect separately described and point out separately the defects in the allegations with respect to it. Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844, and cases there cited.

■ The reason for these rules is that a demurrer is a single entity of pleading and the numbered grounds do not constitute separate units. If any ground is good the demurrer should be sustained. It should not be overruled unless each of the grounds fails to point out some insufficiency. Ledbetter v. Frosty Morn Meats, 274 Ala. 491, 150 So.2d 365; Central of Georgia Railway Co. v. Hinson, 262 Ala. 223, 78 So.2d 286.

■ Also where a single assignment of error complains of two or more rulings on demurrers to distinct units of pleadings, such as counts, pleas or replications, the single assignment of error that the court erred in overruling the demurrer is considered and treated as joining each of the separate rulings; and, if any one of such rulings is correct, the trial court will be justified, and the appellant will fail, for he will not have sustained his single averment of error in every one of the rulings he has joined in a single assignment. Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 So. 808, 810, approved and reaffirmed, Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42.

The statement "This assignment is not too general" in relation to an assignment that the court erred in overruling the demurrer to the complaint as last amended, when the complaint consisted of six counts, in Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 61 A.L.R.2d 1346, is not to be followed. We note that assignments of error in that case were properly assigned to the action on each count separately.

■ Appellant's assignment of error 2 is too general, there being more than one count in the complaint. Authorities supra.

Appellant's assignment 12 is that the court erred in overruling the demurrer to Count One of the amended complaint. This assignment of error is sufficient under the rules and authorities discussed and cited supra, and specifically, Linville v. Crittenden, 272 Ala. 630, 133 So.2d 381; Allison-Russell-Withington Co. v. Sommers, 219 Ala. 33, 121 So. 42.

■ The demurrer raised the point that Count One was not in Code form and that there was no allegation that the amount claimed was "due from him" (defendant). The demurrer should have been sustained. Smythe v. Dothan Foundry & Machine Co., 166 Ala. 253, 52 So. 398; Gilbert v. Mitchell, 22 Ala.App. 603, 118 So. 495, and cases there cited. We do not hold that the count must be a verbatim copy of the Code form. In Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86, Count 6, for work and labor done, did not include the words "from him" after the word "due", but we held that Count 6 was "substantially in the form prescribed by the statute."

■ But error in overruling a demurrer to a count is not always reversible error. The rule is that if there is some defect of averment in the complaint or a plea, and the court has erred in holding such pleading good, nevertheless if there is evidence of the matter so omitted, and both parties try the issue as though such allegation were made, and the court instructs the jury that such matter must be proven, and both parties have full opportunity to, and do, offer all the evidence they wish on that issue, we will not reverse the case for the error in such ruling on the pleading. Federal Automobile Ins. Ass'n v. Meyers, 218 Ala. 520, 119 So. 230; Life & Casualty Ins. Co. of Tennessee v. Peacock, 220 Ala. 104, 124 So. 229; Southern Railway Co. v. Dickson, 211 Ala. 481, 100 So. 665; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Vance v. Morgan, 198 Ala. 149, 73 So. 406; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417.

■ Also, when the parties adopt a theory for the trial, and it is tried with that understanding, by the parties and the court, this court accepts the view that the pleadings present that theory. Federal Automobile Ins. Ass'n v. Meyers, 218 Ala. 520, 119 So. 230; Liberty National Life Ins. Co. v. Reid, 276 Ala. 25, 158 So.2d 667; John E. Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 548, 184 So. 275; Jefferson County v. Parker, 211 Ala. 289, 100 So. 338; Lord v. Werneth, 35 Ala.App. 290, 46 So.2d 236.

■ Here the primary issue was whether the written agreement had been abrogated, and the evidence on that point was in conflict. But it is undisputed that if the written agreement had been abrogated, appellee had worked for appellant at his request, that he had not been paid and he was claiming that $6,000 was due him by appellant under an oral agreement that he would be paid. The case was tried as though the omitted allegation was made in the complaint and the contentions of the parties were fully covered by the court's oral charge, to which both parties announced that they were satisfied.

We conclude that although the trial court erred in overruling the demurrer to Count One of the complaint, such error was without injury under the foregoing authorities.

■ The effect of assignment of error 3 is that the court erred in refusing the affirmative charge with hypothesis, which read:

"I charge you, Gentlemen of the Jury, that if you believe the testimony in this case your verdict will be for the defendant."

This charge was properly refused for two reasons. First, there was a material conflict in the evidence, and where a jury question is presented, a request for the affirmative charge with hypothesis is correctly refused. Dean v. Mayes, 274 Ala. 88, 145 So.2d 439; Schoen v. Schoen, 271 Ala. 156,

123 So.2d 20. Secondly, the trial court will not be put in error for refusing to give a requested written charge requiring the jury to affirmatively find for the defendant upon the hypothesis stated in them, where the complaint consists of more than one count. The proper form of the charge should be that the jury should not find for the plaintiff, or should not find against the defendant. Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Boshell v. Cunningham, 200 Ala. 579, 76 So. 937; Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247. These cases and the rule have no application where the complaint consists of only one count. Railway Express Agency v. Burns, 255 Ala. 557, 52 So.2d 177.

What we have said as to assignment 3 applies to the charges made the basis of assignments 4, 5 and 6 and they are also without merit. Moreover these charges were substantially covered in the court's oral charge, and the refusal of these charges was without error. Parkinson v. Hudson, 265 Ala. 4, 88 So.2d 793; Tit. 7, § 273, Code 1940.

Assignment 7 charges error in the overruling of appellant's objection to a question propounded to a witness. This contention fails because a responsive answer had been given by the witness prior to the objection, and the objection was not timely made. Schoen v. Schoen, 271 Ala. 156, 123 So.2d 20; Smith v. Lawson, 264 Ala. 389, 88 So.2d 322.

Assignment 8 is concerned with the reception of certain evidence. The record shows the following:

"Q In your judgment and opinion, Mr. Blanton, how much deisel fuel did you use in setting these fires and doing the burning you testified about?

"MR. RAMSEY: We object on the grounds that the man's testimony is he had used these things already, therefore, it could not be goods, wares and merchandise that he was selling to Mr. Turner.

"THE COURT: The Court will allow it in on the premise that he agreed to pay him a reasonable price for goods, wares and merchandise that had been used in and about the operation.

"MR. RAMSEY: We reserve an exception."

The court ruled correctly since it was plaintiff's theory and contention that appellant had agreed to pay appellee a reasonable price for the goods, wares and merchandise that he used in the operation.

Assignment 9 charges that appellee was allowed to testify over objection about an offer of settlement. Assuming that this was the effect of the testimony of the witness, the identical transaction and offer had been testified to earlier by the witness without objection, and the error was rendered harmless. Prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial. Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110, and cases there cited.

Assignments 10 and 11 are without merit, No. 10 complaining of the overruling of objection to a question propounded to appellee on direct examination and No. 11 to an answer of appellee to a question. The first question was pertinent, relevant and material under the count for work and labor done, and the answer was relevant under Count Two of the complaint.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.