185 So.2d 132

**LONNIE RUSSELL FORD, INC.**

v.

**David MITCHELL.**

**6 Div. 251.**

Supreme Court of Alabama.

April 7, 1966.

Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

LAWSON, Justice.

This suit was filed in the Circuit Court of Jefferson County, Bessemer Division, by David Mitchell against Lonnie Russell Ford, Inc., a corporation; Russell-Vaughn Ford, Inc., a corporation; and Lonnie Russell, d/b/a Lonnie Russell Ford, Inc.

On motion of the defendant Lonnie Russell Ford, Inc., a corporation, the cause was transferred to the Birmingham Division. Lonnie Russell Ford, Inc., a corporation, insofar as this record discloses, was the only one of the defendants to make an appearance and the cause proceeded as if it were the only defendant, and there is no question here concerning the non-appearance of the other defendants named in the complaint. Consequently we will hereinafter refer to Lonnie Russell Ford, Inc., a corporation, as the defendant.

The original complaint contained six counts. The defendant demurred to the complaint and to each count thereof, separately and severally. Thereafter the plaintiff amended his complaint by striking Counts 1, 4 and 5 and by adding Counts 7 and 8. The minute entry shows that the defendant's demurrer was refiled to the complaint as amended. The demurrer was overruled. The defendant filed pleas of not guilty to all counts except Count 8 and also a plea of the general issue in short by consent in the usual form. The defendant filed a plea of set-off, to which the plaintiff demurred. Plaintiff's demurrer was overruled.

The case went to the jury on the pleadings as above stated. The jury returned a general verdict for the plaintiff against the defendant in the amount of $3,856. Judgment followed the verdict. The defendant's motion for new trial was overruled. The defendant has appealed to this court on the record proper without a transcript of the evidence.

■ There are three assignments of error, the first of which reads: "The Court erred in overruling the demurrer of appellant." We have frequently said that where a single assignment of error complains of two or more rulings on demurrers to distinct units of pleading, such as counts, pleas or replications, a single assignment of error is considered and treated as joining each of the several rulings, and, if any one of such rulings is correct, the trial court will be justified and the appellant will fail, for he will not have sustained his single averment of error in every one of the rulings he has joined in a single assignment of error. Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 So. 808, and cases cited; Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290; Ledbetter v. Frosty Morn Meats, 274 Ala. 491, 150 So.2d 365. Many cases to this effect are cited in Alabama Digest, Appeal & Error ☞737.

■ We repeat what has been said so often in our cases that it is necessary to assign as error the judgment in respect to each count, plea or replication separately if a separate consideration of each is desired.

But implicit in the cases last cited above is the rule that an assignment of error like the first assignment of error in this case is sufficient to require us to determine

whether the trial court's ruling as to any one count, plea or replication is correct; if so, the assignment of error is unavailing to the appellant.

The holding in our recent case of Turner v. Blanton, 277 Ala. 536, 173 So.2d 80, to the effect that an assignment of error of the kind presently under consideration is too general where the trial court overruled or sustained demurrer to more than one unit of pleading even to justify our determination as to whether the judgment as to one unit was correct is not in accord with the rule of the vast majority of our cases and will not be followed as to such holding.

 It is sufficient to say in regard to the first assignment of error that the demurrers to Counts 2 and 3 were overruled without error in that they are common counts in the language of Form 10, § 223, Title 7, Code 1940. Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853. It follows that the first assignment of error cannot be upheld. Central of Georgia Railway Co. v. McDaniel, supra; Ledbetter v. Frosty Morn Meats, supra.

 The second assignment of error reads: "The Court erred in overruling Motion for New Trial of the Appellant." We have said that a general assignment of error on appeal grounded on the refusal of the trial court to grant a motion for a new trial is sufficient to invite a review of that ruling as to any ground well stated in the motion and properly argued by appellant. Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315; Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696; State v. Goodwyn, 272 Ala. 618, 133 So.2d 375; Matthews v. Maynard, 274 Ala. 330, 148 So.2d 629; Louisville & N. R. Co. v. State, 276 Ala. 99, 159 So.2d 458.

In brief appellant says, in effect, that the trial court erred in overruling its motion for new trial because the verdict is excessive in that it is in excess of the amount claimed in each of the counts of the complaint except Counts Six and Eight, which counts appellant says do not state a cause of action. There is no merit in this contention.

Counts Six and Eight will be set out in the report of the case.

 The misrepresentations relied upon in Count Six relate to the subject matter of the sale. Those representations are alleged to have been known by the defendant to be false and were made to induce the purchase of the automobile and by reason thereof the plaintiff purchased the automobile. Therefore, Count Six states a substantial cause of action for actionable fraud under our statutes. §§ 107, 108, Title 7, Code 1940; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Southern Building & Loan Ass'n v. Hughs, 222 Ala. 648, 133 So. 685. See First National Bank of Auburn v. Dowdell, 275 Ala. 622, 157 So.2d 221.

 Count Eight charged deceit substantially in Code form, Title 7, § 223, Form 21. It states a cause of action. Corry v. Sylvia Y Cia, 192 Ala. 550, 68 So. 891; Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286. See Treadwell Ford, Inc., v. Leek, 272 Ala. 544, 133 So.2d 24.

No other reason is asserted in brief of appellant in support of its contention that the trial court erred in overruling the motion for new trial.

 The third assignment of error is as follows: "For that the verdict is contrary to the law in the case." This assignment is not sufficient to present any question for review. Carlton v. Musicians Protective Ass'n, Local No. 479, 276 Ala. 128, 159 So. 2d 831, and cases cited; Doughty v. City of Fayette, 278 Ala. 121, 176 So.2d 481; Smith v. Jackson, 277 Ala. 257, 169 So.2d 21. See Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705; Andrews v. May, 277 Ala. 248, 168 So.2d 619.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, GOODWYN and COLEMAN, JJ., concur.

SIMPSON, MERRILL and HARWOOD, JJ., concur in the result and in the opinion except insofar as it holds that the first assignment of error was sufficient to require a consideration as to whether any count of the complaint was good against the demurrer interposed. They are of the opinion that the first assignment of error is too general to present any ruling for review and would apply the holding to that effect in Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.