186 So.2d 117

Reginald WHATLEY

v.

ALABAMA DRY DOCK AND SHIPBUILD-
ING COMPANY.

\ Div. 342.

Supreme Court of Alabama.

May 5, 1966.

Donald F. Pierce, Harold D. Parkman and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee.

Tyson, Marr & Friedlander, Mobile, for appellant.

MERRILL, Justice.

This appeal is from a judgment of nonsuit. The judgment shows that the

plaintiff took the nonsuit "on account of the adverse rulings of the Court in sustaining demurrers to complaint as last amended in this cause." When the judgment entry clearly shows the cause of the nonsuit, that entry is conclusive on review. Garner v. Baker, 214 Ala. 385, 108 So. 38; City of Mobile v. Board of Revenue and Road Com'rs, 219 Ala. 60, 121 So. 49.

The original complaint consisted of one count, to which demurrer was sustained. Appellant then filed a six-count complaint and demurrers were sustained to each count. Appellant then amended by adding Counts 7, 8, 9, 10, 11 and 12. When demurrers were again sustained, appellant took the nonsuit.

The action of the trial court in sustaining the demurrers to the original count and the first six counts is not before us for review, and we are without authority to review it. If the plaintiff had desired a decision upon that action by the court, he could have declined to plead further when the demurrers were sustained, taken a nonsuit, and presented that question to us for review. The plaintiff did not see proper so to do. Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So.2d 461, and cases there cited. In view of the judgment entry, we are concerned only with the sustaining of the demurrers to Counts 7 through 12.

Appellant's single assignment of error reads: "The trial court erred in sustaining defendant's demurrer to plaintiff's complaint as last amended."

This assignment of error is not sufficient to present a question as to the ruling of the trial court on each count, 7 through 12. Such an assignment is proper in a case at law where the complaint consists of only one count. Turner v. Blanton, 277 Ala. 536, 173 So.2d 80; Cahaba Coal Co. v. Elliott, 183 Ala. 298, 62 So. 808; Lord v. Werneth, 35 Ala.App. 290, 46 So.2d 236.

But where the complaint consists of more than one count, it is necessary to assign as error the judgment in respect to each count, plea or replication separately if a separate consideration of each is desired. Lonnie Russell Ford, Inc. v. Mitchell, ante p. 340, 185 So.2d 132; Turner v. Blanton, supra.

Where a single assignment of error complains of two or more rulings on demurrers to distinct units of pleadings, such as counts, pleas or replications, the single assignment of error that the court erred in overruling or sustaining the demurrer is considered and treated as joining each of the separate rulings; and, if any one of such rulings is correct, the trial court will be justified, and the appellant will fail, for he will not have sustained his single averment in every one of the rulings he has joined in a single assignment. Turner v. Blanton, 277 Ala. 536, 173 So.2d 80, and cases there cited. A majority of the court, in Lonnie Russell Ford, Inc. v. Mitchell, Ala., 185 So.2d 132 [1], held that an assignment such as the one in the instant case is not too general, but all agreed that the rule as to joint rulings in one assignment of error does apply to the assignment of error like the one before us.

It follows that if the trial court correctly sustained the demurrer to any single count, 7 through 12, we should affirm the judgment and not consider the action as to each count separately.

The main problem of appellant was to try to show that he did not come within the provisions of our Workmen's Compensation Law. The rule is that when a suit is brought by an employee against the employer for injuries, the complaint should conform to the Workmen's Compensation Law or should state facts showing that it did not apply. Bell v. Brooks, 270 Ala. 691, 121 So.2d 911.

Count 7 of the complaint, as amended, reads:

1. Ante p. 340.

"The Plaintiff claims of defendant Fifty Thousand and 00/100 ($50,000.00) Dollars damages for the breach of a contract entered into by him on, to-wit, the 27th day of June, 1954, in substance as follows: The Defendant promised to employ the Plaintiff as a sheet metal mechanic in his plant in Mobile, Mobile County, Alabama, and among other things to provide him with a safe place to work. And the Plaintiff says that, although he has complied with all of the provisions on his part, the Defendant has failed and refused to provide Plaintiff with a safe place in which to work and as a direct and proximate result of said breach Plaintiff was badly injured in that he was caused to contract chronic bronchitis and emphysema, Plaintiff's prior physical infirmities of the respiratory system and lungs were aggravated, plaintiff was permanently injured, all of which said injuries are not covered by the occupational pneumonoconiosis statutes (Title 26, Article 2A, Code of Alabama 1940 recompiled 1958 as amended) so that he could recover by an action thereunder; Plaintiff was caused to expend large sums of money for medical, hospital and doctor bills in his efforts to recover and will spend sums in the future for hospital, medical and doctor bills; the Plaintiff's injuries and damages did not appear suddenly, violently or by accidental means; so that he could recover therefor under the Workmen's Compensation Act, but appeared gradually and grew progressively worse as a result of said continuous effect of said glass-wood, burned paint, scales, and heavy smoke on the Plaintiff's body or person throughout said employment."

The first ground of demurrer charges that facts are not stated sufficient enough to constitute a cause of action and ground 21 charges that there is no showing of any consideration for the implied contract. We think these two grounds of demurrer were well taken.

The plaintiff alleges that the defendant promised to employ him, but does not allege that he promised to work for defendant; he fails to allege any consideration for the contract, and the last few lines of the count state that his injuries are a "result of said continuous effect of said glass-wood, burned paint, scales, and heavy smoke on the Plaintiff's body or person throughout said employment." This is the first mention of these matters in the complaint. Obviously, something has been omitted, and the count, as it appears in the record, does not state a cause of action.

It follows that the demurrer was properly sustained as to Count 7, and such a holding is sufficient to show why the joint assignment of error requires no further consideration as to any other counts.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.