263 So.2d 134

Charles LOWE

v.

N. C. MORGAN CONSTRUCTION CO., Inc.,
a Corp., et al.

6 Div. 894.

Supreme Court of Alabama.

June 1, 1972.

Roberts & Davidson, Tuscaloosa, for appellees.

George S. Brown, Birmingham, for appellant.

COLEMAN, Justice.

The plaintiff appeals from judgment for defendants rendered on verdict of a jury in action for damages for personal injury.

The record before us contains 288 pages. There is no transcript of the evidence in the record.

In the judgment entry, the court observes that the jury heard the evidence from October 5 to October 9.

On page 269 of the record, there appears approximately one-half page which the court reporter certifies as follows:

"I certify that the foregoing page, numbered 269, contains a full, true and correct transcription of a portion of the argument of defendants' counsel to the jury, the objection thereto, the ruling of the Court, and the exception of plaintiff's counsel."

Defendants filed objection to the matter set out on page 269 of the record. The grounds of objection are to effect that the matter on page 269 is not a certified transcript of evidence as provided for by Title 7, § 827(1), 1958 Recompiled Code; and that the same does not include the testimony of any witness, documentary evidence, objections to testimony presented on the trial or rulings of the court on objections and motions. Additional grounds are that the same does not contain prejudicial and incorrect argument of plaintiff's counsel to the jury, does not contain a transcript of evidence at all but is merely a selection by plaintiff of one or two items upon which to complain, is, not certified by the report-

er as being a true and correct transcript of the evidence as required by law, and is an attempt by plaintiff's attorneys to avoid the provisions of Title 7, § 827(2).

After a hearing, the court rendered judgment sustaining defendants' objection. The court found that plaintiff did not comply with Title 7, § 827(1), and that the matter on page 269 of the transcript should not be included in the record proper and does not constitute a correct or complete transcript of the evidence, objections, oral motions, and rulings of the trial court in this case. The action of the trial court is assigned as error.

It is noted that the judge who tried the case departed this life prior to the ruling on defendants' objection.

Plaintiff contends that his objection to the alleged argument was incorrectly overruled because it is an appeal to the jury not to ruin the reputation of defendants by rendering a verdict against them. Plaintiff says in brief:

". . . . There could not have been any evidence even remotely permissible with respect to their reputations as architects and engineers and we have, therefore, not gone to the expense of having the court reporter transcribe all of the evidence. If any such evidence had been admitted by the trial court that, in itself, would have reversed this case."

The origin of Sections 827(1) through 827(6) is in Act No. 461 which became effective September 1, 1943. General Acts 1943, page 423. The statute has since been amended in certain particulars.

§ 827(1) provides that bills of exceptions in the trial of cases at law in the circuit court are abolished; that if a party wishes to appeal he shall, within five days after he perfects his appeal give notice to the court reporter, in writing, that he desires to appeal and request the evidence to be transcribed. " . . . . The court reporter shall then promptly transcribe the evidence, including objections, oral mo-

tions, rulings of the court, and the oral charge of the court, certify the same and file it with the clerk within sixty days from the date on which the appeal was taken, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later. . . . . ."

Plaintiff candidly states in brief, "Except for the inclusion in the transcript of a highly prejudicial and illegal argument made by counsel for the appellees, this is an appeal on the record proper."

■ This appeal is on the record proper. The extraneous matter on page 269 was excluded by the trial court. Plaintiff admittedly has not complied with § 827(1). We are not cited to or advised of any statute, or other authority, which permits a party to select a mere excerpt from argument of counsel and include the same in the record on appeal as a transcript of evidence. The trial court was correct in excluding the matter set out on page 269 of the record.

The principle to be applied here is similar to that applied in Central of Georgia Railway Co. v. Hinson, 262 Ala. 223, 78 So.2d 286, where this court said:

"Nor should the appeal be dismissed because of the failure of the reporter to certify to his report of the proceedings. It should be treated as an appeal on the record. Act of September 12, 1951, sections 827(1) to 827(6), Title 7, Pocket Part Code; West v. Givens, 246 Ala. 395, 20 So.2d 710. The affidavit of the reporter attached to the answer of appellant to the motion to dismiss cannot serve as a compliance with that statute. The motion to dismiss must be denied, and the appeal treated as one taken on the record." (262 Ala. at 226, 78 So.2d at 288)

Plaintiff also assigns as error the action of the trial court in overruling his motion for new trial containing ground 22. In ground 22, plaintiff asserts that the court erred in overruling plaintiff's objection to the argument of defendants' counsel, which is the same argument set out on page 269 of the record.

■ No authority is cited to support the proposition that this court can review a ruling on objection to argument of counsel when there is no transcript of evidence in the record. This court has said:

"There was no compliance whatever with the requirements of Title 7, Pocket Part, sections 827(1) et seq., Code, as amended by General Acts of 1945, page 567, nor with Supreme Court Rule 48, Code 1940, Tit. 7 Appendix, adopted June 28, 1944. There being no evidence before this Court, our consideration is, of necessity, confined to matters contained in the record proper." Chapman v. State, 249 Ala. 30, 31, 29 So.2d 286.

The consideration of the instant appeal is also confined to the record proper.

When bills of exceptions were abolished by Title 7, § 827(1) et seq., the "transcript of the evidence" was substituted for the bill of exceptions. Henry v. Jackson, 279 Ala. 225, 184 So.2d 133.

In considering assignments that argument of counsel to the jury was so highly prejudicial as to justify the granting of a new trial, although no objection to the argument was interposed, this court held that nothing was presented for consideration, and said:

"A mere recital of the alleged argument in a motion for a new trial, with nothing to give verity thereto, is insufficient as disclosing what in fact did occur on the trial. .. . . .

" . . . . . .

"Since we have now abolished bills of exceptions, it was incumbent upon the defendant to offer proof on the motion concerning this matter of alleged illegal argument, which would have then become a part of the record and here presented for consideration. In the ab-

sence of any such showing, there is nothing here for review." Woodward Iron Co. v. Earley, 247 Ala. 556, 559, 25 So.2d 267.

The question considered in the last cited case is close to if not the same as the instant question. The holding is to the effect that the fact that counsel made improper argument to the jury cannot be shown by a mere recital in a motion for new trial. In the instant case, the fact that defendants' counsel made certain argument to the jury cannot be shown by the mere recital of that fact in the motion for new trial.

No other errors are assigned. Error has not been shown and the judgment is affirmed.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, MADDOX and McCALL, JJ., concur.